```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **GEORGE STOKES,** | No. 19-cv-21219 (NLH) (AMD) |
| **Plaintiff,** | |
| v. | OPINION |
| **B. O'NEIL, et al.,** | |
| **Defendants.** | |

APPEARANCE:

George Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a complaint under 42 U.S.C. § 1983 against Officer B. O'Neill, Officer John Doe, and the Atlantic City Public Safety Building for an illegal traffic stop that allegedly took place on July 8, 2017.  See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii).

I. BACKGROUND

Plaintiff alleges that he was riding his new motorcycle on July 8, 2017 in Atlantic City when Officers O'Neill and Doe pulled him over. ECF No. 1 at 2. The officers alleged Plaintiff was not wearing his helmet; Plaintiff states the helmet was on his head. Id. The officers asked if Plaintiff had a motorcycle license, and Plaintiff indicated he did not. Id. The officers subsequently searched Plaintiff.

Plaintiff asks to be reimbursed for the cost of the motorcycle and for unspecified financial damages. Id. at 5. He also states the officers lied on their arresting reports. Id.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff raises claims of illegal search and seizure and false arrest under the Fourth Amendment. These claims are barred by the statute of limitations.

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte . . . for failure to state a claim." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam). Section 1983 complaints are governed by New Jersey's limitations

3

period for personal injury and must be brought within two years of the claim's accrual. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014) (quoting Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)).

Plaintiff's illegal search and seizure claims, as well as any false arrest claims, accrued on the date of the traffic stop: July 8, 2017. See Woodson v. Payton, 503 F. App'x 110, 112 (3d Cir. 2012) (holding statute of limitations began on date when plaintiff "indisputably knew about the alleged faults of search and seizure"); Singleton v. DA Philadelphia, 411 F. App'x 470, 472 (3d Cir. 2011) (noting claim for false arrest accrues on date of arrest). Plaintiff's complaint was due on July 8, 2019 at the latest. He did not submit his complaint until December 2019. ECF No. 1.

The Court may toll, or extend, the statute of limitations in the interests of justice. Tolling is usually warranted in when the state has "actively misled" a plaintiff as to the existence of his cause of action, there are extraordinary circumstances that prevented him from filing the claim, or he filed the claim on time but in the wrong forum. Omar v.

Blackman, 590 F. App'x 162, 166 (3d Cir. 2014). In the interests of justice, the Court will dismiss the complaint without prejudice and permit Plaintiff to file an argument in favor of equitable tolling.

Plaintiff has also failed to state a deprivation of property claim based on the seizure of his motorcycle. "In order to determine whether an individual has been deprived of his property without due process 'it is necessary to ask what process the State provided, and whether it was constitutionally adequate.'" Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 138 (3d Cir. 2010) (quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990)). "Although a pre-deprivation hearing is generally required before a state seizes a person's property, '[i]n some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process.'" Id. (quoting Zinermon, 494 U.S. at 128 (alteration and omission in original)). Plaintiff "cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate." Id. at 139.

Plaintiff alleges that his motorcycle was seized after he was arrested. New Jersey state law provides several different procedures by which to either recover seized property, see, e.g., N.J. Ct. R. 3:5-7(e) (motion for return of wrongfully

seized property in criminal case); N.J. Ct. R. 4:61-1 (writ of replevin), or a state tort action for the value of lost property, see, e.g., N.J.S.A. § 59:1-1 et seq. (New Jersey Tort Claims Act).  Plaintiff "has failed to explain why New Jersey's state procedures to recover . . . seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient."  Revell, 598 F.3d at 139 (citing State v. One 1986 Subaru, 576 A.2d 859 (N.J. 1990)).  See also Zitter v. Petruccelli, 744 F. App'x 90, 95 (3d Cir. 2018) ("Because Zitter has not shown that these post-deprivation procedures are inadequate, his procedural due process claim fails.").

    Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  In the interests of justice, Plaintiff may file arguments in favor of equitable tolling and why any state post-deprivation procedures are inadequate within 30 days of this Opinion and Order.  Failure to file tolling arguments within the timeframe set by the Court will result in the complaint being dismissed with prejudice.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.  An appropriate order follows.


Dated: _February 20, 2020__         __s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.